UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN ADMIRALTY

CASE NO.:

IN THE MATTER OF THE COMPLAINT
OF MICHAEL WAYNE MCDANIEL, AS
OWNER OF THE 2021 BOSTON
WHALER 160 SUPER SPORT VESSEL
BEARING HULL IDENTIFICATION
NUMBER BWCE1038J021, FOR
EXONERATION FROM OR LIMITATION
OF LIABILITY,

    Petitioner.
_____/

COMPLAINT
FOR EXONERATION FROM OR LIMITATION OF LIABILITY

    Petitioner, MICHAEL WAYNE MCDANIEL (hereinafter, "Petitioner"), pursuant to 46 U.S.C. §30511, hereby files this action for exoneration from or limitation of liability and alleges:

    1.    This is an action within the Court's admiralty and maritime jurisdiction pursuant to Article III, Section 2 of the United States Constitution, 28 U.S.C §§ 1333, and Fed.R.Civ.P. 9(h) as set forth more fully below.

2. At all times hereafter mentioned, Petitioner was, and is, a citizen and resident of the State of Florida.

3. Petitioner is the owner of a 2021 Boston Whaler 160 Super Sport vessel bearing hull identification number BWCE1038J021 (hereafter, "Vessel").

4. At all times material hereto, the Vessel was in all respects tight, strong, staunch, properly manned, equipped, and supplied, was in all respects seaworthy and fit for the service in which she was engaged.

5. On February 28, 2021, the Vessel was on a pleasure voyage upon navigable waters of the United States that began and ended in, Volusia County, Florida.  No freight was pending for the voyage.  On that date, it is claimed that David Gable was injured when the Vessel struck a wave or large wake.  This incident is claimed to have occurred on the Intracostal Waterway near the Ponce de Leon Inlet, in Volusia County, Florida.  This incident, if proven, had the potential to disrupt maritime commerce.

6. The Vessel is currently located within the Middle District of Florida.  The Vessel has not been attached or arrested nor the Petitioner has been sued with respect to and claim arising from the incident of February 28, 2021.  As such, venue is appropriate pursuant to Supplemental Admiralty Rule F (9).

7.   Immediately after the alleged incident of February 28, 2021, and/or at the time of termination of the voyage, the Vessel has an agreed insured value of US $32,900.00.

8.   The February 28, 2021 incident was not caused or contributed to by any fault, neglect, or lack of care on the part of Petitioner, the Vessel or other person for whom Petitioner was, or is, responsible.  As such, Petitioner is entitled to be exoneration from liability for all claims, damages, and destruction done, occasioned, or incurred by any reason of the matters aforesaid we regard to the alleged incident.

9.   In the alternative, and without admitting liability, in the event he, the Vessel, or any person for whom they may be found at fault and liable to any parties, including David Gable, by reason of the matter aforesaid, Petitioner is entitled to claim the benefit of the limitation of liability as provided in 46 U.S.C. §§30504-30512 and all laws supplementary thereto and amendatory thereof as such negligence or condition of the Vessel upon which fault was determined was not within the Petitioner's privity or knowledge.

10.   On May 4, 2021, David Gable, through legal counsel, provided Petitioner written notice of a claim for personal injuries allegedly resulting from the incident of February 28, 2021.

11. Petitioner will file security in appropriate form equal to that of Petitioner's interest in the Vessel immediately after the incident and/or at close of the voyage, together with interest at the rate of 6% per annum, from the date of the alleged incident, and for costs for the benefit of any Claimant responding to this Complaint.

WHEREFORE, Petitioner prays:

A. This Honorable Court enters an Order approving the security filed by Petitioner equaling Petitioner's interest in the Vessel immediately after the incident and/or at the end of its scheduled voyage as described above or such other amount that may be lawfully ordered by the Court.

B. That upon filing of the security, the Court enter an Order directing issuance of a notice to all persons, firms, and corporations claiming damage for any and all losses, damages, destructions, deaths, or injuries, resulting from the alleged incident of February 28, 2021, admonishing each of them to file their claim with the Clerk of this Court and serve copies of said claims on the attorney for Petitioner on or before the date fixed by the Court in the notice or be forever barred or permanently enjoined from making or filing any such claims, to make due proof of their respective claims before this Court, and to appear and answer the allegations of this

Complaint according to the law and rules and practices of this Court on or before a certain time to be fixed by the notice.

C.   That upon filing security, the Court enter an Order staying prosecution of all suits and proceedings against Petitioner, to recover damages allegedly arising out of or resulting from the alleged incident of February 28, 2021, described above, and from this time forward restraining commencement of any suit, action, or legal proceeding of any claim arising out of the incident or voyage described above.

D.   That the Court enter judgment that Petitioner and the Vessel are not liable for any losses, damages, deaths, injuries, destruction, or any other claim whatsoever arising out of the incident of February 28, 2021, or out of the voyage described herein and that accordingly Petitioner be exonerated from any and all liability which has been or may be claimed against them as a result of this voyage and incident; in the alternative, if such liability is found to exist, that Petitioner's liability be limited to the amount of the value of Petitioner's interest in the Vessel and pending freight immediately after the above-mentioned incident of February 28, 2021; and that the money or security paid be divided pro rata among such Claimants as may duly prove their claims before this Court, saving to all parties any priorities they may be legally entitled to; and that a judgment and decree

be entered discharging Petitioner and the Vessel of and from all further liability and forever enjoining and prohibiting filing and prosecution of any claims against Petitioner or their property in consequence of or in connection with the matters and happening referred to in this Complaint.

E. That Petitioner have such other and further relief, both equitable and general, to which it may show that it is justly entitled to receive.

**Dated: October 28, 2021**

*s/ Richard D. Rusak*
   Richard D. Rusak, Esq.
   E-mail: richard.rusak@csklegal.com
   Fla. Bar No. 614181
   Attorney for Petitioner
   Cole, Scott & Kissane, P.A.
   9150 South Dadeland Boulevard
   Miami, Florida 33156
   Tel.: (305) 350-5300