UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL WAYNE MCDANIEL,**

        **Petitioner,**

**v.**                                 **Case No.  6:21-cv-1812-CEM-EJK**

**DAVID GABLE,**

        **Claimant.**
_____/

## ORDER

THIS CAUSE is before the Court on Petitioner's Motion to Dismiss Claim ("Motion," Doc. 15). Claimant did not file a response. For the reasons stated herein, the Motion will be granted.

### I.    BACKGROUND

Petitioner filed this action "for exoneration from or limitation of liability" regarding an incident that occurred aboard Petitioner's 2021 Boston Whaler 160 Super Sport vessel ("Vessel") on navigable waters in Volusia County, Florida. (Compl., Doc. 1, at 1–2). Claimant alleges that Petitioner, who owned and operated the Vessel, "accelerated carelessly and without due regard for the safety of the passengers aboard the vessel and causing injury to [Claimant]." (Claimant's Answer

and Claim, Doc. 14, at 6). Petitioner moves to dismiss Claimant's claim. (*See generally* Doc. 15).

## II.   LEGAL STANDARD

Supplemental Admiralty Rule F(5) governs answers and claims in an admiralty limitation action. Thereunder, "[e]ach claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued." Suppl. Admiralty R. F(5). Additionally, the Federal Rules of Civil Procedure apply to admiralty claims "except to the extent that they are inconsistent with the[] Supplemental [Admiralty] Rules." Suppl. Admiralty R. A(2). "Courts presented with a challenge to the sufficiency of a Supplemental Rule F(5) claim have analyzed the motion" pursuant to Federal Rules of Civil Procedure 8 and Rule 12(b)(6). *Walker v. Mead*, No. 6:13-cv-1894-Orl-36GJK, 2014 U.S. Dist. LEXIS 88683, at *6 (M.D. Fla. June 2, 2014), *report and recommendation adopted by* 2014 U.S. Dist. LEXIS 88682, at *2 (M.D. Fla. June 30, 2014) (collecting cases).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to

the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Ordinarily, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

### III.   ANALYSIS

As a preliminary issue, when a party fails to respond, that is an indication that the motion is unopposed. M.D. Fla. R. 3.01(c); *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014). Because Claimant did not respond to Petitioner's Motion, the Court proceeds on the basis that it is unopposed.

"In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012).

The prima facie elements of a negligence claim are that "(1) the [petitioner] had a duty to protect the [claimant] from a particular injury; (2) the [petitioner] breached that duty; (3) the breach actually and proximately caused the [claimant]'s injury; and (4) the [claimant] suffered actual harm." *Id.* (citing *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008) (per curiam)).

Here, Claimant wholly fails to allege that Petitioner owed any duty to him. This alone is fatal to Claimant's Claim. *Walker*, 2014 U.S. Dist. LEXIS 88683, at *10. Additionally, Claimant's allegations as to the remaining elements are so cursory that they fail to meet the minimum requirements to satisfy Rule 8. *Iqbal*, 556 U.S. at 678. For example, Claimant fails to state any factual basis to explain how he was injured on the Vessel. Thus, Claimant's Claim is due to be dismissed.

## IV.   CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that Petitioner's Motion to Dismiss Claim (Doc. 15) is **GRANTED**. Claimant's Claim (Doc. 14) is **DISMISSED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on May 15, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record