UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL WAYNE MCDANIEL,**

      Petitioner,

v.                                                Case No: 6:21-cv-1812-CEM-EJK

**DAVID GABLE,**

      Respondent.

### REPORT AND RECOMMENDATION

This cause comes before the Court on Defendant's Motion for Summary Judgment Seeking Exoneration from Liability ("the Motion"). (Doc. 27.) Upon consideration, I respectfully recommend that the Motion be granted.

**I.  BACKGROUND**

On October 28, 2021, Petitioner, Michael Wayne McDaniel, as title owner of and for a 2021 Boston Whaler 160 Super Sport vessel (Hull Identification No. BWCE1038J021) (the "Vessel"), filed a Complaint for Exoneration from or Limitation of Liability in relation to an incident involving the Vessel on February 28, 2021, in waters near the Ponce de Leon Inlet in Volusia County, Florida. (*See* Doc. 1.) On September 27, 2022, the Court entered a Monition, establishing a deadline of November 28, 2022, for claimants to file claims or answers to the Petition. (Doc. 11.) The Notice to Claimants (the "Notice") stated:

> THIS NOTICE advises and admonishes all claimants claiming any damages arising from the February 28, 2021 incident referenced in the Complaint (Doc. 1) to file their

> respective claims with the Clerk of Court, United States District Court for the Middle District of Florida, 401 West Central Boulevard, Orlando, Florida 32801, on or before November 28, 2022, and to serve on Petitioner's attorney Richard D. Rusak, Esq., of the law firm of Cole, Scott & Kissane, P.A. at his principal office located at 9150 South Dadeland Blvd., Suite 1400, Miami, Florida 33156, a copy thereof, or be defaulted.

(*Id*. at 4–5.) Petitioner subsequently published the Notice of Monition with the *Daytona Beach News-Journal* for four consecutive weeks in accordance with Supplemental Rule F(4) and the Middle District of Florida Admiralty and Maritime Practice Manual Sections 1(e) and 6(a). (Doc. 27-1 at 2.) On November 28, 2022, David Gable ("Claimant") filed a Claim and Answer to Petitioner's Complaint alleging that Petitioner "accelerated carelessly and without due regard for the safety of the passengers aboard the vessel and causing injury to [Claimant]." (Doc. 14 at 6.)

On May 15, 2023, the Court granted Petitioner's Motion to Dismiss Claimant's Claim, holding that Claimant's negligence claim failed because Claimant did not allege that Petitioner owed a duty, that said duty was breached the day of the incident, and that the alleged breach caused Claimant injury. (Doc. 25 at 3–5.) After dismissing Claimant's Claim without prejudice, as of the date of this Report and Recommendation, Gable has not filed an amended Claim, leading Petitioner to file the instant Motion seeking summary judgment against Claimant and an order from the Court exonerating Petitioner from any liability associated with Claimant David Gable's claim. (Doc. 27 at 7.) Claimant did not respond in opposition to the Motion, and the time to do so has passed. No party other than Claimant Gable filed an Answer

to Petitioner's Complaint or filed a Claim, and the time to do so has passed. The Motion is ripe for review.

## II. STANDARD

Federal Rule of Civil Procedure Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could impact the outcome of the lawsuit under the governing law. *Id.* The moving party bears the initial burden of identifying those portions of the record demonstrating a lack of genuine disputes of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). If the moving party shows "an absence of evidence to support the nonmoving party's case," the burden then shifts to the nonmoving party to demonstrate that there are, in fact, genuine disputes as to material facts. *Celotex*, 477 U.S. at 325; *see also Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). In determining whether a genuine dispute as to material fact exists, the Court must read the record and the evidence presented in the light most favorable to the nonmoving party. *See Porter*, 461 F.3d at 1320.

### III.   DISCUSSION

The Limitation Act provides, in relevant part, that "the liability of the owner of any vessel for any claim, debt, or liability . . . shall not exceed the value of the vessel and pending freight." 46 U.S.C. § 30523(a). An owner of a vessel will "be exonerated from liability when he, his vessel, and crew are found to be completely free of fault." *In re Complaint of Caribbean Sea Transp.*, 748 F.2d 622, 626 (11th Cir. 1984) (citing *Tittle v. Aldacosta*, 544 F.2d 752, 755 (5th Cir. 1977)).

A vessel owner is entitled to exoneration from liability if there is no evidence of the owner's negligence or contributory fault. *See In re Royal Caribbean Cruises, Ltd.*, 55 F. Supp. 2d 1367, 1370 (S.D. Fla. 1999). In a proceeding for limitation of liability, the Court must conduct a two-step analysis. First, the Court must ascertain what acts of negligence or conditions of unseaworthiness caused the accident. *Hercules Carriers, Inc. v. Claimant State of Florida*, 768 F.2d 1558, 1563–64 (11th Cir. 1985). Second, the Court must determine whether the ship owner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness. *Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1230 (11th Cir. 1990) (internal citation omitted). The claimant has the initial burden of showing that the claimed loss was proximately caused by the negligence or unseaworthiness of the vessel. *In re Royal Caribbean Cruises, Ltd.*, 55 F. Supp. 2d at 1370.

Here, since Gable's Claim was dismissed and he did not respond in opposition to the Motion, exoneration from liability is appropriate because there is no evidence in the record that Petitioner was negligent or contributed fault to Gable's alleged injury. Likewise, there is no evidence in the record that the Petitioner had knowledge

or privity of any acts of negligence or conditions of unseaworthiness. Accordingly, I recommend that the Court enter summary judgment in favor of Petitioner, finding that Claimant Gable did not offer any evidence to meet his initial burden of showing that Petitioner's negligence contributed to the incident or rendered the Vessel unseaworthy in a manner that proximately injured Gable. I further recommend the Court enter an order finding that Petitioner Michael Wayne McDaniel is entitled to exoneration from liability for the February 28, 2021, personal injury of David Gable aboard the Vessel.

## IV.   RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Defendant's Motion for Summary Judgment Seeking Exoneration from Liability (Doc. 27) and **ENTER** an order finding that Petitioner Michael Wayne McDaniel is entitled to exoneration from liability for the February 28, 2021, personal injury of David Gable aboard Petitioner's 2021 Boston Whaler 160 Super Sport vessel (Hull Identification No. BWCE1038J021).

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th

Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

    Recommended in Orlando, Florida on July 1, 2024.

                                               EMBRY J. KIDD
                                    UNITED STATES MAGISTRATE JUDGE